FILED

OCT 07 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15cr2310 WQH |
| Plaintiff, | ORDER |
| vs. | |
| OWEN HANSON (1), GIOVANNI BRANDOLINO (5), DEREK LOVILLE (8), CHARLIE D'AGOSTINO (9), JAMES DULEY (16), KHALID PETRAS (18), DANIEL ORTEGA (23). | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the motion to suppress wiretap and electronic evidence filed by Defendant Daniel Ortega. (ECF No. 365).

## BACKGROUND FACTS

During the investigation which led to the indictment in this case, the Government sought and received authorization to conduct electronic surveillance. On September 23, 2014, this Court reviewed an Application for an Order Authorizing Interception of Wire and Electronic Communications and supporting materials. This Court signed the Order authorizing the interception of communication from three "Target facilities" - a cellular phone for Hanson (TF#1), a Gogii text messaging account for Hilinski (TF#2), and an email address for Hanson (TF#3) for a period of 30 days.

On October 22, 2014, a request for an extension of these interceptions was presented to this Court. After review, this Court entered an Order authorizing the

interceptions for an additional thirty days.

On September 3, 2015, an Indictment was returned charging Owen Hanson and Rufus Rhone with conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

On January 12, 2016, a Superseding Indictment was returned charging 23 defendants with racketeering conspiracy to conduct enterprise affairs, illegal gambling business, money laundering conspiracy and conspiracy to distribute narcotics. Defendant Daniel Ortega was charged in Count 2 with illegal gambling business in violation of 18 U.S.C. § 1955.

On July 11, 2016, Defendant Ortega filed a motion to suppress wire and electronic evidence. Defendants Hanson, Brandolino, Loville, D'Agostino, Petras, and Duley have filed motions for joinder.[1]

## CONTENTIONS OF THE PARTIES

Defendant contends that the affidavits in support of the applications do not establish necessity as required by 18 U.S.C. § 2518(1)(c), and that the United States failed to comply with the minimization requirements of 18 U.S.C. § 2518(5). Defendant further contends that the applications fail to establish probable cause and fail to comply with the statutory requirements of 18 U.S.C. § 2516 and 18 U.S.C. § 2518(1)(a) and (4)(d).

The Government asserts that the facts contained in the affidavit provide a full and complete statement specific to the investigation which show that normal investigative procedures had been tried and failed or reasonably appeared to be unlikely to succeed and too dangerous. The Government contends that the affidavits established probable cause and complied with all requirements of the statute.

---

[1] Hanson (ECF No. 373), Brandolino (ECF No. 383), Loville (ECF No. 368), D'Agostino (ECF No. 369), Petras (ECF No. 370), and Duley (ECF No. 374).

## RULING OF THE COURT

**Necessity**

Wiretap authorizations are governed by the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510-2522. "To obtain a wiretap, the government must overcome the statutory presumption against this intrusive investigative method by proving necessity." *United States v. Rivera*, 527 F.3d 891, 897 (9th Cir. 2008) (citations omitted). The purpose of this requirement is to "assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime." *United States v. Kahn*, 415 U.S. 143, 153 n.12 (1974). The necessity requirement derives from 18 U.S.C. § 2518(1)(c) and (3)(c).

Section 2518(1)(c) provides that the affiant in support of an application for a wiretap must provide "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). A judge may approve a wiretap if he or she "determines on the basis of the facts submitted by the applicant that . . . normal investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous. . . ." 18 U.S.C. § 2518(3)(c).

The "full and complete statement" requirement of Section 2518(1)(c) is satisfied where the affidavit provides "specific probative facts" which "show with specificity why *in this particular investigation* ordinary means of investigation will fail." *United States v. Commito*, 918 F.2d 95, 97-98 (9th Cir. 1990) (quotation omitted). A judge must "determine that ordinary investigative techniques employing a normal amount of resources have failed to make the case within a reasonable period of time." *United States v. Spagnuolo*, 549 F.2d 705, 711 (9th Cir. 1977). However, "the government need not exhaust every conceivable investigative technique in order to show necessity." *United States v. Bennett*, 219 F.3d 1117, 1122 (9th Cir. 2000) (citation omitted).

The review of the court "includes an assessment of whether the affidavit attests

that adequate investigative tactics were exhausted before the wiretap order was sought or that such methods reasonably appeared unlikely to succeed or too dangerous." *United States v. Gonzales*, 412 F.3d 1102, 1111 (9th Cir. 2005). The Court of Appeals has "adopted a 'common sense approach' in which the reviewing court uses a standard of reasonableness to evaluate the government's good faith effort to use alternative investigative means or its failure to do so because of danger or low probability of success." *United States v. Blackmon*, 273 F.3d 1204, 1207 (9th Cir. 2001). In *United States v. McGuire*, 307 F.3d 1192 (9th Cir. 2002), the Court of Appeals explained that "conspiracies pose a greater threat to society than individual action toward the same end" when considering the statutory requirement of necessity under Section 2518(1)(c). *Id.* at 1197. The Court of Appeals stated:

> Conspiracies pose other special dangers. Unlike individual criminal action, which comes to an end upon the capture of the criminal, collective criminal action has a life of its own. . . . Reflecting this concern, we have consistently upheld findings of necessity where traditional investigative techniques lead only to apprehension and prosecution of the main conspirators, but not to apprehension and prosecution of . . . other satellite conspirators. Because the government has a duty to extirpate conspiracy beyond its duty to prevent the mere commission of specific substantive offenses, we conclude that the government is entitled to more leeway in its investigative methods when it pursues a conspiracy.

*Id.* at 1197-98 (quotations and citations omitted).

Defendant Ortega contends that the stated goals of the investigation are open ended and violate the spirit of the wiretap statute. Defendant assert that the statement by the affiant that the investigation cannot collect the "full scope of criminal activity" without the electronic interception is conclusory and disingenuous. Defendant contends that law enforcement had investigation options through cooperating defendants from a previous case and multiple confidential sources to obtain the necessary information without electronic interception.

The Government contends that the application and the affidavit specifically identified an investigation of sixteen specific offenses committed by the target subjects. The Government asserts that the affidavit provided specific facts that detailed the progression of the investigation as a whole, as well as the successes and limitations of

traditional methods used during the investigation. The Government contends that the affidavits met the requirements of Section 2518(1)(c) and that the Court did not abuse its discretion in finding the necessity requirement was met.

In this case, the application identified the specific target subjects whose communications are to be intercepted "who are committing the CRIMINAL ACTIVITY." (Application at 5). The application identifies "particular offenses," including Hobbs Act violations, illegal gambling business, money laundering, extortion, distribution of controlled substances, and tax evasion. (Application at 3-4). The Application requests authorization for the initial interception of three target facilities, a mobile cellular device, a Gogli account, and an email account aimed at revealing the manner in which the target suspects and others yet unknown participate in the "CRIMINAL ACTIVITY." The Court concludes that the investigation described in the Application is targeted at specific individuals and specific criminal activity.

The affidavit submitted in support of the application describes in detail information collected from traditional investigative sources, including individuals arrested in another case, confidential informants, an email search warrant, and a foreign wiretap. The affiant explains that information obtained in the arrest of members of an illegal gambling operation lead to the identification of Defendant Hanson, that the confidential sources further identified Hanson as a bookmaker, and that attempts to use the confidential sources to further the investigation were unsuccessful. The affiant further explains that law enforcement identified an email account used in the bookmaking business and obtained emails with an email search warrant. The affiant states that law enforcement reviewed evidence collected in a foreign country through a target who had regular contact with Hanson. The affiant reasonably concluded that these investigative avenues have been useful but "have not revealed the full scope of HANSON's criminal activities." (Affidavit at 11). The affiant then sets forth specific facts to support the assertion that electronic surveillance was necessary "to identify the location of his proceeds" and "to identify and successfully prosecute all members of

- 5 -

15cr2310 WQH

his criminal enterprise." (Affidavit 1 at 12-41; Affidavit 2 at 10-18). The facts set forth by the affiant establish probable cause for the electronic surveillance, as well as identify the specific goals of the investigation, and the limitations of the traditional methods used during the investigation. After the affiant detailed the information supporting the assertion that electronic surveillance is necessary in order to accomplish the goals of the investigation, the affiant details the use and considered use of confidential sources, undercover agents, financial investigation, search warrants, seizures and arrests, trash searches, pen registers, trap and trace, toll record analysis, and intelligence from domestic and foreign law enforcement. (Affidavit 1 at 41-71, Affidavit 2 at 17-45.). The Court concludes that the facts set forth in the affidavits meet the requirements of 18 U.S.C. § 2518(1)(c) and support the orders in compliance with 18 U.S.C. § 2518(3)(c). The issuing judge reasonably concluded that the affiant made a sufficient showing that target facilities were currently used in criminal activity, and that the continued intercept of target facilities was necessary because "ordinary investigative procedures, employed in good faith, would likely be ineffective in the particular case." *United States v. McGuire*, 307 F.3d 1192, 1196 (9th Cir. 2002). While the investigation had produced some results, the issuing judge reasonably concluded that the goals of the investigation had not yet been achieved, and that "ordinary investigative technique employing a normal amount of resources [would] fail to make the case with a reasonable time." *Spagnuolo*, 549 F.2d at 711.

**Minimization**

Defendant contends that there was not an adequate showing of minimization. The Government asserts that the authorization for interception of communications for the stated targets and described criminal activity was supported by the facts set forth in the affidavit.

Section 2518(5) requires that the Government conduct wire intercepts so as to "minimize the interception of communications not otherwise subject to interception." 18 U.S.C. § 2518(5). The Government has the burden to show minimization. *United*

*States v. Torres*, 908 F.2d 1417 (9th Cir. 1990). In *Torres*, the Court of Appeals explained:

> Minimization requires that the government adopt reasonable measures to reduce the interception of conversations unrelated to the criminal activity under investigation to a practical minimum while permitting the government to pursue legitimate investigation. The standard for minimization is reasonableness.

*Id.* at 1423 (citations omitted). "The mere interception of calls unrelated to the drug conspiracy does not indicate a failure to meet the minimization requirement." *Id.*

In this case, the applications, affidavits and orders contained reasonable minimization procedures. There are no facts to support the conclusion that any target of the investigation or any goal of the investigation was not proper. Defendant does not provide any call which Defendant asserts should have been minimized or any suggestion that any minimization procedure was inadequate. The record demonstrates minimization efforts in accordance with 18 U.S.C. section 2518(5).

**Probable Cause**

In order to find probable cause to issue an order authorizing interception of communication, the Court must determine whether there was a substantial basis for concluding "that an individual is committing, has committed, or is about to commit a particular offense" and "that particular communications concerning that offense will be obtained through such interception." 18 U.S.C. § 2518(3)(a) and (b). "Probable cause means only a 'fair probability,' not certainty, and requires consideration of the totality of the circumstances." *United States v. Garcia-Villalba*, 585 F.3d 1223, 1233 (9th Cir. 2009) (citation omitted). The decision is made by the issuing court on the basis of practical, common-sense considerations and overturned only if lacking a "substantial basis." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

In this case, a review of the affidavits clearly supports the determination that there was probable cause to issue the orders. For the reasons stated earlier, the Court concludes that the information provided by the affiant detailed the investigation and provided probable cause to believe that the target subjects have committed and will

continue to commit the described criminal activity.

**Attorney General Delegation 18 U.S.C. § 2516**

Defendant contends that all interceptions must be suppressed in this case because the orders or approvals were insufficient on their face. Defendant asserts that "the delegation of the attorney general is the same for all the wire orders at issue in this motion." (ECF No. 365-1 at 15). Defendant asserts that the "Attorney General Order of Special Designation dated February 26, 2009 and the same Memorandum of Authorization for interception orders application dated September 19, 2014" are insufficient to meet the statutory requirements of Title III. *Id.*

The Government contends that the wiretaps in this case were properly authorized by a Department of Justice official, specially designated by the Attorney General.

Section 2516(1) of Title III provides that: "any Deputy Assistant Attorney General in the Criminal Division specially designated by the Attorney General, may authorize an application to a Federal judge [for a wire intercept order]...." 18 U.S.C. § 2516(1). In this case, Kenneth A. Blanco, a Deputy Assistant Attorney General for the Criminal Division of the Department of Justice, authorized the application for the order. Prior to Blanco's authorization, Attorney General Eric Holder, Jr. issued a Special Designation order which stated that "any Deputy Assistant Attorney General of the Criminal Division" may authorize applications for wire intercept orders to a federal judge. (Order No. 3055-2009). Each application was properly authorized under 18 U.S.C. § 2516(1). The Court of Appeals has held that "it is sufficient that the special designation order clearly identifies and evinces an intent to designate the authorizing officer." *United States v. Torres*, 908 F.2d 1417, 1422 (9th Cir. 1990). The Court finds that the Special Designation order dated February 26, 2009 clearly satisfies this requirement.[2]

---

[2] To the extent that Defendant asserts some other argument not addressed by the Court related to a statutory requirement of Title III, Defendant has leave to file an additional motion which sets forth the legal basis relied upon.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to suppress wiretap evidence filed by Defendant Ortega (ECF No. 365) is denied.  The motions for joinder filed by Hanson (ECF No. 373), Brandolino (ECF No. 383), Loville (ECF No. 368), D'Agostino (ECF No. 369), Petras (ECF No. 370), and Duley (ECF No. 374) are granted.

Dated: 10/6/16

WILLIAM Q. HAYES
United States District Judge